**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMILA DAVIS, : | |
| : | |
| Plaintiff, : | Civil No. 12-429 (JLL) |
| : | |
| v. : | |
| : | **OPINION** |
| SEAN MCCARTHY, et al., : | |
| : | |
| Defendants. : | |

**APPEARANCES:**

**JAMILA DAVIS**, Plaintiff pro se
Reg. No. 59253-053
Danbury Correctional Institution
33 1/2 Pembroke Road
Danbury, C.T. 06811

**LINARES**, District Judge

Plaintiff Jamila Davis ("Plaintiff") seeks to bring this action in forma pauperis. Based on her affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.[1]

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

---

[1] Plaintiff initially failed to submit a complete application to proceed in forma pauperis. (Docket Entry No. 1.) This Court denied her request and administratively terminated the instant case. (Docket Entry No. 2.) Plaintiff has now submitted a complete application (Docket Entry Nos. 3-4) and the Court will re-open the case to conduct its screening.

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed at this time.

**I. BACKGROUND**

Plaintiff, incarcerated at Danbury Correctional Institution in Danbury, Connecticut at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), against Defendants Sean McCarthy and Joseph Nieciecki. The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that Defendant McCarthy, a special agent with the Federal Bureau of Investigation, falsely arrested her on three occasions: May 2, 2003; May 6, 2004; and September 6, 2006. She states that Defendant Nieciecki, a detective with the Bergen County Police Department, participated in the third arrest. On May 27, 2003, Plaintiff was arrested by the Alpine Police Department for serving alcohol without a license, based on the misrepresentation by Defendant McCarthy that Plaintiff owned a home where liquor was served without a license. On May 6, 2004, Plaintiff was arrested by Defendant McCarthy and two local police for identity theft. Finally, on September 26, 2006, Defendants

McCarthy and Nieciecki arrested Plaintiff again for identity theft. Plaintiff alleges that Defendants violated her Fourth, Fifth and Fourteenth Amendment rights when they falsely arrested her.

Plaintiff also alleges that her Fourth Amendment right to be free from an unreasonable search was violated by Defendants when they conducted a search of her home during her 2006 arrest. Plaintiff further alleges that her equal protection rights were violated when Defendants McCarthy and Nieciecki became aware of exculpatory evidence in November 2006 which would have cleared Plaintiff of the charges stemming from the September 2006 arrest, however they failed to notify anyone of this evidence.

Next, Plaintiff alleges that Defendant McCarthy violated her First Amendment right to access to the courts when he "engaged in a wide range of activities to harass and slander [her], and to impede [her] federal defense and [her] ability to earn a living." Plaintiff then alleges that Defendant McCarthy violated her "1st Amendment constitutional right to seek redress of grievances" when he falsely responded to an internal affairs complaint Plaintiff filed with the FBI. Finally, Plaintiff makes several state law claims based on this same conduct. Plaintiff is seeking monetary damages from both Defendants.

**II.   DISCUSSION**

**A. Legal Standard**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing

4

that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009)(citing Iqbal, 129 S.Ct. at 1948). The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

**B. Analysis**

**1. 42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of her constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

## 2. Bivens

Plaintiff also brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging violations of her civil rights guaranteed under the United States Constitution. In Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment. In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983. Both are

designed to provide redress for constitutional violations. Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits. See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See Mahoney v. Nat'l Org. For Women, 681 F.Supp. 129, 132 (D.Conn. 1987) (citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

**1.  False Arrest and Unreasonable Search**

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under §1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989) (citing cases). In order to state a cognizable Fourth Amendment claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir.1988). Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under §1983 for false imprisonment based on a detention pursuant to that arrest." Williams v. Northfield Police Dept., 2010 WL 2802229 at *4 (D.N.J. July 14, 2010)

(citing Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995)); Palma v. Atlantic County, 53 F.Supp.2d 743, 755 (D.N.J. 1999) (citing Groman, 47 F.3d at 636).

A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest. See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989). An arrestee can file suit as soon as the allegedly wrongful arrest occurs; the limitations period begins to run, however, only when the allegedly false imprisonment ends, that is, when the arrestee becomes held by legal process, for example, when he is "bound over by a magistrate or arraigned on criminal charges." Wallace v. Kato, 549 U.S. 384, 388-90 (2007).

Federal courts look to state law to determine the limitations period for § 1983 actions. See Wallace, 549 U.S. at 387-88. Civil rights or constitutional tort claims, such as those presented here, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wallace, supra; Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann, § 2A:14-2, governs Plaintiff's claims. See Montgomery, 159 F.3d at 126 & n. 4; Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a

wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir.1987).

In this case, with regard to the first arrest in 2003, Plaintiff's affidavit states that the charges were dismissed on July 9, 2003. Presumably, Plaintiff was bound over by a magistrate or arraigned on said charge prior to that date, but even if the Court were to give Plaintiff the benefit of using July 9, 2003 as the date when her statute of limitations for a claim of false arrest began to run, the two-year statute of limitations has long since expired.

With regard to her second arrest on May 6, 2004, Plaintiff states in the complaint that the charge was dismissed in 2006. Thus, even assuming, arguendo, that Plaintiff was falsely imprisoned until 2006, without being "bound over by a magistrate or arraigned on criminal charges," any claim for false arrest would still be untimely.

Finally, with regard to her third arrest and claim for illegal search and seizure, which occurred on September 26, 2006, Plaintiff states in her affidavit that in December 2006, she was "bonded out" on these state charges. As such, her claims for false arrest and illegal search and seizure, filed in 2012, are

untimely.[2]

## 2. Equal Protection

Plaintiff alleges that her equal protection rights were violated when Defendants arrested her on identity theft charges in 2006 and then concealed information which would have cleared her of said charges.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982)).  Thus, to state a claim under the Equal

---

[2] Plaintiff has not alleged any basis for tolling of the statute of limitations.  New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J.Super. 11, 31 (citations omitted). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Protection Clause, a litigant must allege that: (a) he is a member of a protected class; and (b) he was treated differently from similarly situated inmates.  See City of Cleburne, 473 U.S. at 439.  If the litigant does not claim membership in a protected class, he must allege arbitrary and intentional discrimination in order to state an equal protection claim.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).  Specifically, he must state facts showing that: "(1) the defendant[s] treated him differently from others similarly situated, (2) the defendant[s] did so intentionally, and (3) there was no rational basis for the difference in treatment."  Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006).

Plaintiff has made no allegations that she is a member of a protected class.  Further, she has made no allegations that she was treated differently than others that are similarly situated.  Accordingly, Plaintiff has failed to plead a facially plausible equal protection claim.  See City of Cleburne, 473 U.S. at 439; Village of Willowbrook, 528 U.S. at 564.

### 3. Access to the Courts

Plaintiff alleges that Defendant McCarthy violated her First Amendment rights to access to the courts when he "engaged in a wide range of activities to harass and slander [her], and to impede [her] federal defense and [her] ability to earn a living."

The bulk of her facts relate to statements Defendant McCarthy made to personal and business contacts that seemingly have no bearing on her defense.  The only allegation which appears to relate to her criminal defense is that Defendant McCarthy called Don Roland, an individual who was arranging buyers for properties to mitigate the banks' losses, and threatened Mr. Roland not to help Plaintiff.  As a result, Plaintiff alleges that Mr. Roland withdrew the financing and Plaintiff received a longer federal sentence.

As stated above with regard to the false arrest and unlawful search claims, like civil rights claims brought pursuant to 42 U.S.C. § 1983, the statute of limitations for Bivens claims is taken from the forum state's personal injury statute.  Hughes v. Knieblher, 341 Fed.Appx. 749, 752 (3d Cir. July 27, 2009)(citing Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); see also Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1087 n. 3 (3d Cir. 1988) (noting that the same statute of limitations applies to both Bivens and § 1983 claims).  New Jersey's statute of limitations for personal injury causes of action is two years.  N.J. Stat. Ann. § 2A:14-2.  The cause of action for Bivens claims accrues when the plaintiff knows of or has reason to know of the injury.  Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

Here, Plaintiff was sentenced on the federal charges on July

16, 2008. By this time, she was aware that Mr. Roland had withdrawn his financing based on Defendant McCarthy's alleged threats. As such, the two year statute of limitations on this claim had long since expired when Plaintiff filed this action in 2012.[3]

### 4. Internal FBI Complaint

Plaintiff alleges that by giving false and incorrect responses to the complaint she filed with the FBI Internal Affairs office, Defendant McCarthy violated her "First Amendment right to seek redress of grievances, and her Fifth Amendment constitutional right to due process in same." At the outset, it is not clear from the allegations contained in the complaint as to how Defendant McCarthy's responses to Internal Affairs violates Plaintiff's constitutional rights. Further, the Court notes that there is no constitutional right to the investigation or prosecution of another. See Sanders v. Downs, 420 Fed.Appx. 175, 180 (3d Cir. 2011)(citing Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the

---

[3] The Court notes that it appears that Plaintiff's claim would also be barred by the holding in Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (a prisoner's civil rights suit based on violations of his rights during his criminal proceedings is barred unless he can demonstrate that his conviction or sentence has been invalidated). See also Mason v. Bucci, 1995 WL 298234, at * 1 (E.D.Pa. May 11, 1995) (A claim for attempting to intimidate a defense witness, if proven, would "necessarily imply the invalidity of his conviction.")

prosecution or nonprosecution of another")). Therefore, this claim will be dismissed.

**5. State Law Claims**

Plaintiff alleges several state law claims based on the same facts as the federal claims. Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim. The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). As no such extraordinary circumstances appear to be present, this Court will dismiss the state law claim without prejudice.

**III. CONCLUSION**

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement her pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to

14

file an amended complaint.[4]  Plaintiff's request for pro bono counsel is dismissed as moot.

DATE: August 6, 2012
                                  S/ Jose L. Linares
                                  JOSE L. LINARES
                                  United States District Judge

---

[4] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.