*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMILA DAVIS, | |
| Plaintiff, | Civil Action No. 12-429 (JLL) |
| v. | **OPINION** |
| SEAN MC CARTHY, et al., | |
| Defendants. | |

**APPEARANCES:**

**JAMILA DAVIS**, Plaintiff pro se
Reg. No. 59253-053
Danbury Correctional Institution
33 1/2 Pembroke Road
Danbury, C.T. 06811

**LINARES**, District Judge

Plaintiff Jamila Davis ("Plaintiff") filed a complaint asserting violation of her rights pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). By Opinion and Order entered August 6, 2012, this Court dismissed the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, without prejudice to the filing of an amended complaint asserting a cognizable federal claim. Plaintiff thereafter filed an Amended Complaint. (ECF No. 10.) This Court has screened the Amended Complaint, as required by 28 U.S.C. §§ 1915(e) (2)(B) and 1915A, and will dismiss the pleading for failure to state a claim upon which relief may be granted.

**I. BACKGROUND**

The Court summarized the factual allegations in Plaintiff's original complaint as follows:

> Plaintiff alleges that Defendant McCarthy, a special agent with the Federal Bureau of Investigation, falsely arrested her on three occasions: May 2, 2003; May 6, 2004; and September 6, 2006. She states that Defendant Nieciecki, a detective with the Bergen County Police Department, participated in the third arrest. On May 27, 2003, Plaintiff was arrested by the Alpine Police Department for serving alcohol without a license, based on the misrepresentation by Defendant McCarthy that Plaintiff owned a home where liquor was served without a license. On May 6, 2004, Plaintiff was arrested by Defendant McCarthy and two local police for identity theft. Finally, on September 26, 2006, Defendants McCarthy and Nieciecki arrested Plaintiff again for identity theft. Plaintiff alleges that Defendants violated her Fourth, Fifth and Fourteenth Amendment rights when they falsely arrested her.
>
> Plaintiff also alleges that her Fourth Amendment right to be free from an unreasonable search was violated by Defendants when they conducted a search of her home during her 2006 arrest. Plaintiff further alleges that her equal protection rights were violated when Defendants McCarthy and Nieciecki became aware of exculpatory evidence in November 2006 which would have cleared Plaintiff of the charges stemming from the September 2006 arrest, however they failed to notify anyone of this evidence.
>
> Next, Plaintiff alleges that Defendant McCarthy violated her First Amendment right to access to the courts when he "engaged in a wide range of activities to harass and slander [her], and to impede [her] federal defense and [her] ability to earn a living." Plaintiff then alleges that Defendant McCarthy violated her "1st Amendment constitutional right to seek redress of grievances" when he falsely responded to an internal affairs complaint Plaintiff filed with the FBI. Finally, Plaintiff makes several state law claims based on this same conduct.

(August 6, 2012 Opinion, ECF No. 6.)

Plaintiff's Amended Complaint makes essentially the same allegations with the following additions and clarifications: (1) the Amended Complaint alleges that the three false arrests and all conduct outside the two-year statute of limitations period should be permitted to proceed based on the "continuing violation" theory; (2) the statute of limitations period for the September 2006 false arrest did not begin to run until March 5, 2010, when Plaintiff learned of Defendant McCarthy's failure to advise the prosecutor that another person had confessed to the crime; (3) Plaintiff intended for her allegations regarding a violation of § 1985 to relate to the first half of subsection

2

(2); (4) Defendant McCarthy violated her liberty interests under the Fifth and Fourteenth Amendments by interfering with her efforts to pursue employment and to generate income while on pre-trial status; (5) Defendant McCarthy violated Plaintiff's First Amendment right to associate freely with persons of her own choosing and to maintain her reputation when he intimated her personal and work associates about their contact with Plaintiff; and (6) Defendant McCarthy violated Plaintiff's First Amendment right to petition the government for redress of grievances when he provided false responses to the FBI internal investigation.

## II.  DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (April 26, 1996), requires a District Court to screen an amended complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* or a prisoner is seeking redress against a government employee or entity, and to *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(2).  Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. 677-679. *See also Twombly*, 505 U.S. at 555, & n. 3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir.

2011).

### 3. *Bivens*

Plaintiff also brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of her civil rights guaranteed under the United States Constitution. In *Bivens*, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment. In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983. Both are designed to provide redress for constitutional violations. Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into *Bivens* suits. *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987).

In order to state a claim under *Bivens*, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney v. Nat'l Org. For Women*, 681 F.Supp. 129, 132 (D.Conn. 1987) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155–56 (1978)).

### B. Analysis

#### 1. False Arrest/Unreasonable Search

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under §1983. *See Walmsley v. Philadelphia*, 872 F.2d 546 (3d Cir. 1989) (citing cases). In order to state a cognizable Fourth Amendment claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir.1988).

Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under §1983 for false imprisonment based on a detention pursuant to that arrest." *Williams v. Northfield Police Dept.*, 2010 WL 2802229 at *4 (D.N.J. July 14, 2010) (citing *Groman v. Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)); *Palma v. Atlantic County*, 53 F.Supp.2d 743, 755 (D.N.J. 1999) (citing *Groman*, 47 F.3d at 636).

A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest. *See Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998); *Rose v. Bartle*, 871 F.2d 331, 348-51 (3d Cir. 1989). An arrestee can file suit as soon as the allegedly wrongful arrest occurs; the limitations period begins to run, however, only when the allegedly false imprisonment ends, that is, when the arrestee becomes held by legal process, for example, when he is "bound over by a magistrate or arraigned on criminal charges." *Wallace v. Kato*, 549 U.S. 384, 388-90 (2007).

Federal courts look to state law to determine the limitations period for § 1983 actions. *See Wallace*, 549 U.S. at 387-88. Civil rights or constitutional tort claims, such as those presented here, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *See Wallace, supra*; *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann, § 2A:14-2, governs Plaintiff's claims. *See Montgomery*, 159 F.3d at 126 & n. 4; *Cito v. Bridgewater Township Police Dept.,* 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. *Cito*, 892 F.2d at 25; *accord Brown v. Foley*, 810 F.2d 55, 56 (3d Cir.1987).

In the Amended Complaint, Plaintiff argues that all the allegations against both Defendants are a pattern of harassment and as such, all claims should be considered timely under the

"continuing violation" theory. The continuing violations doctrine is an equitable exception to a strict application of a statute of limitations where the conduct complained of consists of a pattern that has only become cognizable as illegal over time. *Foster v. Morris*, 208 F. App'x 174 (3d Cir. 2006) (citing *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001)). "[W]hen a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." *Brenner v. Local 514, United Bhd. of Carpenters*, 927 F.2d 1283, 1295 (3d Cir. 1991). The Third Circuit has stated that

> [i]n order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. The consideration of "degree of permanence" is the most important of the factors.

*Cowell*, 263 F.3d at 292 (citations omitted). Moreover, "causes of action that can be brought individually expire with the applicable limitations period." *Livingston ex rel. Livingston v. Borough of McKees Rocks*, 223 F. App'x 84 (3rd Cir. 2007) (citing *O'Connor v. City of Newark*, 440 F.3d 125, 128 (3d Cir. 2006)).

It is clear from the allegations contained in the complaint that each of the three allegedly false arrests and search were discrete, separate events. *See, e.g., O'Connor*, 440 F.3d at 129 ("If the allegations in [plaintiff's] complaint are discrete, then each gave rise to a cause of action at the time it occurred."). Each gave rise to a cause of action at the time it occurred, and the statute of limitations for each claim had expired by the time the complaint was filed in 2012.

To the extent Plaintiff argues that the discovery rule delayed the start of her limitations period for her September 2006 arrest, that argument is unpersuasive. Plaintiff would have been aware at the time she was taken into custody that she had not committed the crimes for which she was arrested. *Petaccio v. Davis*, 76 F. App'x 442, 445 (3d Cir. 2003)("[a]t the time of his initial arrest and incarceration…[Plaintiff] knew or should have known that he was 'wrongfully detained.' It is axiomatic that [Plaintiff] knew or should have known the basis for his § 1983 action at the time of his initial arrest and detention.")

Therefore, the claims for false arrest and unreasonable search will again be dismissed as untimely for the reasons stated in this Court's August 6th Opinion.

**2. 42 U.S.C. §§ 1985, 1986**

In her Amended Complaint and accompanying brief, Plaintiff alleges a claim pursuant to § 1985. Plaintiff states that the Court construed this claim in her original complaint as one for a violation of her Fifth Amendment equal protection rights, but that she intended for said claim to be brought pursuant to the first half of § 1985(2), which states:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror…

Plaintiff alleges that "by misrepresenting the statement of [her] former accountant Theodore to the state court, the defendants cause [sic] a state charge to issue against [her], based thereon, they then induced three federal courts (NJ, EDNY, and CDCA) to violate their federal supervision of [her]…This conduct violated 42 USC 1985(2), first half, by use of perjured testimony, and

concealment of exculpatory evidence, to intimidate a party to a federal court action [Plaintiff], and a witness to same (Theodore)."

42 U.S.C. § 1985 prohibits conspiracy by two or more persons to intimidate or threaten any witness from giving full, free, and truthful testimony in a pending matter or to injure such a witness on account of his having given such testimony.  42 U.S.C. § 1985(2).  The Third Circuit has held that the "essential allegations of a 1985(2) claim of witness intimidation are (1) a conspiracy between two or more persons (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiffs."  *Shehee v. City of Wilmington*, 67 F. App'x 692, 697 (3d Cir. 2003) (citing *Malley-Duff & Assocs., Inc. v. Crown Life Ins. Co.*, 792 F.2d 341, 356 (1986).  Violations of 42 U.S.C. § 1986 by definition depend on a pre-existing violation of § 1985.  *See Clark v. Clabaugh*, 20 F.3d 1290, 1295, 1295 n. 5 (3d Cir.1994).

In her Amended Complaint, Plaintiff does not allege with any specificity that a conspiracy existed between Defendants McCarthy and Nieciecki to intimidate witness Theodore from testifying truthfully.  Moreover, based on the allegations, it does not appear that Defendants conspired to intimidate Plaintiff from attending, or from testifying, to any matter pending therein.  Since a §1985 has not been properly alleged, a §1986 claim likewise does not exist.

Further, even if this Court found that Plaintiff had alleged a claim under §§ 1985 and 1986, "inasmuch as a claim pursuant to 42 U.S.C. § 1985(2) or 1985(3) is essentially an action in tort, the statutory limitation is likewise two years.  Actions pursuant to Section 1986 are limited to one year after the cause of action has accrued."  *Cito*, 892 F.2d at 23 (citations omitted).  Here, it appears that Defendants used the allegedly false information to obtain a search warrant in 2006 and as such, the statute of limitations for the claims had long since passed by the time Plaintiff filed her

complaint in 2012.

### 3. Access to the Courts; Right to Pursue Employment; Right to Association; Right to Petition the Government

Plaintiff alleges that Defendant McCarthy violated her First, Fifth and Fourteenth Amendment rights to full and fair access to the courts when he impeded her defense by his aggressive contacts with "a wide range of individuals associated with [her] life." (Pl.'s Br. Supp. Am. Compl. 7.) Plaintiff further alleges that Defendant McCarthy deprived her of her liberty interests under the Fifth and Fourteenth Amendments by "interfering with [her] efforts to pursue employment and to generate income while [she] was on pre-trial status." (*Id.*) Plaintiff alleges that she has a "protected liberty and due process interest in seeking employment and income in [her] field generally [and] McCarthy was intent on isolating [her] so that [she] would be unable to do so." (*Id.*) Plaintiff further alleges that she has a liberty and First Amendment right to associate freely with persons of her own choosing and to maintain her reputation, which Defendant McCarthy violated. (*Id.*) Finally, Plaintiff alleges that her First Amendment right to petition the government for redress of grievances was violated when Defendant McCarthy provided untruthful answers in his response to the FBI internal investigation. (*Id.* at 8-9.)

As stated above and in this Court's previous opinion, the statute of limitations for *Bivens* claims is taken from the forum state's personal injury statute. *Hughes v. Knieblher*, 341 Fed.Appx. 749, 752 (3d Cir. July 27, 2009)(citing *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993); *see also Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers*, 855 F.2d 1080, 1087 n. 3 (3d Cir. 1988) (noting that the same statute of limitations applies to both *Bivens* and § 1983 claims). New Jersey's statute of limitations for personal injury causes of action is two years. N.J. Stat. Ann. § 2A:14-2. The cause of action for *Bivens* claims accrues when the plaintiff knows of or

10

has reason to know of the injury.  *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

All of the allegations contained in the complaint and accompanying affidavit related to Defendant McCarthy's actions to allegedly impede her defense, interfere with her access to the courts, impede on her ability to seek employment and prevent her from associations of her choosing, are from 2008 or earlier.  *See* Pl.'s Aff. ¶ 8.  Plaintiff possessed the necessary information to raise these claims at that time and as such, these claims will again be dismissed as time barred.

**4.  State Law Claims**

Plaintiff alleges several state law claims based on the same facts as the federal claims. Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.  The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). As no such extraordinary circumstances appear to be present, this Court will dismiss the state law claim without prejudice.

**III.  CONCLUSION**

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement her pleading with facts sufficient to overcome the deficiencies noted herein, the Court

will grant Plaintiff leave to move to re-open this case and to file a second amended complaint.[4]

Dated:

                                                          s/ Jose L. Linares
                                                          JOSE L. LINARES
                                                          United States District Judge

---

[4] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*   To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  *Id.*